IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

PPC BROADBAND, INC., d/b/a PPC,

               Plaintiff,         Civil Action No.
                                        5:13-CV-0460 (GLS/DEP)
    v.

TIMES FIBER COMMUNICATIONS, INC.,

               Defendant.

---

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

HISCOCK & BARCLAY, LLP            DOUGLAS J. NASH, ESQ.
One Park Place                            JOHN D. COOK, ESQ.
300 South State St.                      JASON C. HALPIN, ESQ.
Syracuse, NY 13202                   MARK E. GALVEZ, ESQ.

FOR DEFENDANT:

BLANK ROME LLP                    JOEL L. DION, ESQ.
One Logan Square                    CHARLES R. WOLFE, ESQ.
Philadelphia, PA 19103

MENTER, RUDIN & TRIVILPIECE, P.C.   MITCHELL J. KATZ, ESQ.
308 Maltbie St.                            TERESA M. BENNETT, ESQ.
Suite 200
Syracuse, NY 13204


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Currently pending before the court in this patent infringement action is a dispute between the parties regarding a confidentiality order, and specifically the scope of the prosecution bar to be included with the order. Defendant Times Fiber Communications, Inc. ("Times Fiber"), seeks to prohibit counsel for plaintiff PPC Broadband, Inc. ("PPC"), from participating in any proceedings conducted before the Patent and Trademark Office ("PTO") following the grant of a patent related to coaxial cable connectors for the cable and telecommunications industries. Plaintiff PPC argues that inclusion of such a provision is inappropriate and prejudicial. For the reasons set forth below, I find that Times Fiber has failed to satisfy its burden under *Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373 (Fed. Cir. 2010), and Rule 26(c) of the Federal Rules of Civil Procedure to demonstrate entitlement to such a sweeping prosecution bar. Accordingly, to the extent the parties include a prosecution bar in any protective order in this case, that provision shall reflect PPC's proposal.

I.  RELEVANT BACKGROUND

This is a patent infringement suit between two competitors. In its complaint, PPC accuses Times Fiber of infringing four patents relating to the design of coaxial cable connectors. *See generally* Dkt. No. 1. Times

2

Fiber has answered PPC's complaint, denying infringement and claiming unenforceability of the patents in suit.  *See generally* Dkt. No. 14.  A scheduling order has been issued requiring the submission of opening claim construction briefs by March 11, 2014.  Dkt. No. 25-1.

On January 16, 2014, the court held a telephone conference, at the request of Times Fiber, to address the parties' disagreement concerning the scope of the prosecution bar to be included in the protective order governing this action.  Text Minute Entry Dated Jan. 16, 2014.  At the court's direction, the parties submitted supplemental briefing regarding their specific dispute.  Dkt. Nos. 28-32.

PPC explains that, although it contends that a prosecution bar is not necessary "since the nature of PPC's infringement claims concern existing products that are publicly offered in the marketplace, . . . in an effort to resolve the parties' dispute short of judicial intervention, [it] has worked with Times Fiber to develop a prosecution bar that would be acceptable to each party."  Dkt. No. 28 at 1; *see also* Dkt. No. 31 at 1.  With that in mind, Times Fiber seeks to include the following provision in the protective order:

> Notwithstanding the foregoing, during the pendency
> of this case, including any appeals, and for one year
> after its conclusion, any Recipient who accesses
> properly designated Highly Confidential –

3

> Prosecution Bar information shall not participate in, aide in, advise, or counsel the drafting of claim language in connection with preparation, filing and/or prosecution of patent applications in any country concerning the non-public, technical features disclosed in the Highly Confidential – Prosecution Bar information, including any interference, reissue, reexamination or other proceeding, related to coaxial cable connectors for the cable and telecommunications industries. The scope of this prosecution bar includes continuations, continuations in part, divisionals, reissues, or foreign counterparts of such patent applications or patents that issue from such applications.

Dkt. No. 28 at 2; Dkt. No. 29 at 2-3. PPC, on the other hand, has countered with the following proposed language:

> Notwithstanding the foregoing, during the pendency of this case, including any appeals, and for one year after its conclusion, any Recipient who accesses properly designated Highly Confidential – Prosecution Bar information shall not participate in, aide in, advise, or counsel the drafting of claim language in connection with the preparation, filing and/or prosecution of patent applications in any country concerning the non-public, technical product features disclosed in the Highly Confidential – Prosecution Bar information. The scope of this prosecution bar includes continuations, continuations in part, divisionals, reissues, or interferences concerning such patent applications or patents that issue from such applications, but does not include *ex parte* reexaminations, post-grant reviews, or *inter partes* reviews concerning patents that issue from such applications.

*Id.*

4

The only difference between the two proposals is the scope of the participation of any recipient of information deemed "Highly Confidential – Prosecution Bar" in certain post-grant proceedings before the PTO. Times Fiber seeks to preclude any recipient of such information from participating in *ex parte* reexaminations, post-grant reviews, or *inter partes* reviews, while PPC seeks to exempt those proceedings from the prosecution bar.

The parties agree that "Highly Confidential – Prosecution Bar" information will be defined as follows:

> d) 'Highly Confidential – Prosecution Bar' information is information that (i) concerns the technical details of the design of future products and/or modification of existing products (*e.g.*, prototypes, descriptions, and/or drawings of such products that, at the time of designation, have not been offered for sale, sold, marketed or otherwise made public); and (ii) cannot be determined based on public information.

Dkt. No. 28-1 at 3.

II. DISCUSSION

Both parties agree that, because *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373 (Fed. Cir. 2010), governs the inclusion and scope of prosecution bars in protective orders, it also controls their current dispute.[1]

---

[1] As a general matter, the law of the relevant regional circuit normally applies to matters involving interpretation and application of the Federal Rules of Civil Procedure. *Deutsche Bank*, 605 F.3d at 1377. This specific issue, however, is controlled by

Dkt. No. 28 at 3; Dkt. No. 29 at 2. As the party seeking the inclusion of "a provision effecting a patent prosecution bar," Times Fiber "carries the burden of showing good cause for its issuance." *Deutsche Bank*, 605 F.3d at 1378.

Where litigation counsel in a patent action also participate in proceedings before the PTO, the Federal Circuit has recognized the difficulty of preserving confidentiality with "even the most rigorous efforts," as "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned." *Deutsche Bank*, 605 F.3d at 1378 (quotation marks omitted). Because the risk of inadvertent disclosure varies depending on an attorney's degree of involvement, a court must examine all relevant facts on a "counsel-by-counsel" basis to determine "the extent to which counsel is involved in 'competitive decisionmaking' with its client." *Id.* The Federal Circuit has defined competitive decisionmaking as

> shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions . . . made in light of similar or corresponding information about a competitor.

---

Federal Circuit law in light of its implication upon patent law generally and the need to provide uniformity in connection with the issue. *Id.* at 1378.

*Id.* (quotation marks omitted). A determination of risk must then be balanced against "the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." *Id.* at 1380.

Before issuing a prosecution bar, "a court must be satisfied that the kind of information that will trigger the bar is relevant" to the proceedings from which litigation counsel may be precluded. *Deutsche Bank*, 605 F.3d at 1381. Relevant to this "threshold inquiry are factors such as the scope of the activities prohibited by the bar, the duration of the bar, and the definition of the subject matter covered by the bar." *Id.* The burden is on the party seeking the imposition of a prosecution bar to show that the terms of the bar "reasonably reflect the risk presented by the disclosure of proprietary competitive information." *Id.*

In this case, as an initial matter, I find that the inclusion of a prosecution bar is appropriate. Times Fiber, however, has not established good cause to preclude PPC's counsel from participating both in litigation and post-grant proceedings before the PTO. It is not enough to identify a general risk that confidential information disclosed during litigation may influence counsel's representation of a party before the PTO. *See Deutsche Bank*, 605 F.3d at 1379 ("Indeed, denying access to a party's

7

outside counsel on the ground that they also prosecute patents for that party is the type of generalization [we have] counseled against . . . . The facts, not the category[,] must inform the result.").  Times Fiber merely attempts to refute PPC's position that post-grant proceedings do not generally enlarge the scope of patent claims by highlighting that "the strategic surrendering of claim scope is also among the types of competitive decision making that is properly protected by a prosecution bar."  Dkt. No. 29 at 3.  Absent from Times Fiber's submission, however, is a persuasive argument regarding how the Highly Confidential – Prosecution Bar information in this particular case may affect or influence counsel for PPC's representation in post-grant proceedings.

Even assuming, however, that Times Fiber could show a risk of competitive use or inadvertent disclosure, that risk does not outweigh the potential harm imposed to PPC by Times Fiber's proposed prosecution bar.  Counsel for PPC has represented to the court that it has a "long standing relationship" with PPC.  Dkt. No. 28 at 8.  Moreover, the court is aware that PPC's counsel represents PPC in several other actions pending in this court and before the PTO.  It would be unfairly prejudicial to PPC to ask it to divide counsel into separate categories in light of the scope of PPC's relationship with counsel.

For all of these reasons, I find that PPC's proposed prosecution bar provision is appropriate in this case.

III. SUMMARY AND ORDER

The parties have sought court intervention with respect to the scope of the prosecution bar provision to be included in the protective order governing this case. Because I find that Times Fiber has not satisfied its burden of demonstrating good cause for precluding PPC's litigation counsel from reviewing Highly Confidential – Prosecution Bar information and representing PPC before the PTO in post-grant proceedings, PPC's proposed provision will be adopted and included in the protective order that will govern this action. It is therefore hereby

ORDERED that the prosecution bar provision included in any protective order issued in this case will reflect PPC's proposal.

Dated:   March 5, 2014
         Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge