**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**PPC BROADBAND, INC.,**
d/b/a PPC,

                  Plaintiff,            5:13-cv-460
                                                (GLS/DEP)
          v.

**TIMES FIBER
COMMUNICATIONS, INC.,**

                  Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Hiscock, Barclay Law Firm | DOUGLAS J. NASH, ESQ. |
| Syracuse Office | JOHN D. COOK, ESQ. |
| One Park Place | JASON C. HALPIN, ESQ. |
| 300 South State Street | KATRHYN DALEY CORNISH, ESQ. |
| Syracuse, NY 13202-2078 | MARK E. GALVEZ, ESQ. |
| | |
| **FOR THE DEFENDANT**: | |
| Blank, Rome Law Firm | CHARLES R. WOLFE, ESQ. |
| 600 New Hampshire Avenue, N.W. | TARA L. MARCUS, ESQ. |
| Washington, DC 20037 | NICHOLAS M. NYEMAH, ESQ. |
| | |
| Menter, Rudin Law Firm | MITCHELL J. KATZ, ESQ. |
| 308 Maltbie Street | TERESA M. BENNETT, ESQ. |
| Suite 200 | |
| Syracuse, NY 13204-1498 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff PPC Broadband, Inc., doing business as PPC, commenced this action against defendant Times Fiber Communications, Inc. for alleged infringement of one of PPC's coaxial cable connector patents, U.S. Patent No. 8,337,229 ("'229 patent").[1] (*See generally* Compl., Dkt. No. 1.) Following the parties' request for the construction of several disputed terms in the patent in suit, the court referred the matter to Magistrate Judge David E. Peebles for a *Markman*[2] hearing. (Dkt. Nos. 27, 37, 39, 40, 41, 42, 43, 45, 48.) In a Report and Recommendation (R&R) issued January 30, 2015, Judge Peebles recommended constructions for eight of the submitted terms, and, with respect to one remaining term, recommended that no construction was necessary. (Dkt. No. 63.) Pending are Times Fiber's objections to the R&R. (Dkt. No. 66.) Largely for the reasons articulated by Judge Peebles, and for the reasons that follow, the

---

[1] PPC initially alleged infringement of four of its patents by Times Fiber in this action. (*See generally* Compl.) However, on January 26, 2015, the court approved the parties' joint stipulation to voluntarily dismiss the claims and counterclaims relating to three of the four patents in suit, leaving only the claims relating to the '229 patent. (Dkt. No. 62.)

[2] *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995), *aff'd* 517 U.S. 370 (1996).

2

recommended constructions are adopted in their entirety.

## II. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## III. Discussion

Although there were originally nine disputed terms at issue, six of which were discussed in the R&R after the parties' agreement on the construction of three previously disputed terms, Times Fiber's objections relate only to the proposed construction of three of the terms: "a connector body attached to a post"; "radial end face surface extending from the inner

surface/radial end face surface extending from the inner surface portion"; and "axial direction." (Dkt. No. 66 at 8-18.) In response to Corning's objections, PPC argues that Judge Peebles' recommendations were appropriate and should be adopted by this court. (Dkt. No. 70 at 6-23.) The court will address each of the terms, and the respective recommended constructions to which Times Fiber has objected, below.

A. <u>**A Connector Body Attached to a Post**</u>

Judge Peebles recommended that the term "a connector body attached to a post" be construed as "a post and connector body, which are separate components, of the connector (*i.e.* they are not a single integral component), that are interlocked with one another to prevent axial movement of one relative to the other." (Dkt. No. 63 at 14-20, 37.) Times Fiber's proposed construction would have defined this term as "a body portion of the connector that is either integrally or separately attached to a post of the connector," and thus would allow for the connector body and the post to be either a single unitary component or two separate components that become attached. (Dkt. No. 37 at 18-19.) Therefore, Times Fiber specifically objects to the recommended construction, primarily arguing that the ordinary meaning of the phrase "a connector body attached to a post"

4

encompasses both an integral and a separate attachment, and that the recommended construction excludes one of the embodiments of the claim that is contained in the patent specification. (Dkt. No. 66 at 8-10.) The court has thus reviewed this recommendation de novo.

When faced with "an actual dispute regarding the proper scope" of a patent claim, the court must construe the allegedly infringed claim to determine its meaning and scope. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). In so doing, the court is cognizant that unless the patentee "acts as his own lexicographer" or "disavows the full scope of a claim term either in the specification or during prosecution," the words of a claim are "given their plain and ordinary meaning [as understood by] one of skill in the art." *See Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365-67 (Fed. Cir. 2012). When "the meaning of a claim term as understood by persons of skill in the art is not readily apparent," the court must construe the disputed claim terms in order to resolve such disputes. *O2 Micro*, 521 F.3d at 1360.

Generally, a court's construction should not construe a term in a way that would exclude an embodiment disclosed in the patent specification. *See Oatey Co. v. IPS Corp.*, 514 F.3d 1271, 1276-77 (Fed. Cir. 2008).

However, when a particular embodiment is encompassed not by the patent claims in which the disputed term appears, but instead is encompassed by other patent claims that are not at issue, a court's construction of the disputed term may exclude an embodiment that is disclosed in the patent specification.  *See Helmsderfer v. Bobrick Washroom Equip., Inc.*, 527 F.3d 1379, 1383 (Fed. Cir. 2008); *see also Baran v. Med. Device Techs., Inc.*, 616 F.3d 1309, 1316 (Fed. Cir. 2010) ("It is not necessary that each claim read on every embodiment.").

Here, Times Fiber relies on Figure 10 of the '229 patent specification as intrinsic evidence in support of its argument that the post and the connector body can be attached as a single, integral unit.  (Dkt. No. 66 at 8-10.)  As discussed by Judge Peebles, Times Fiber is correct that Figure 10 does in fact depict "an integral post connector body."  (Dkt. No. 63 at 15-16 (citing Dkt. No. 1, Attach. 1 at 14, 25).)  However, Figure 10 here could be encompassed by other, non-asserted claims of the patent, in which the disputed term "a connector body attached to a post" does not appear—for example, independent claims 1 and 9, both of which refer simply to a "connector body," without the requirement that it be "attached to a post."  (Dkt. No. 1, Attach. 1 at 27-28.)  Thus, Judge Peebles' recommended

6

construction is not necessarily legally infirm, as Figure 10 could be encompassed by these claims, which describe simply a connector body, and do not contain the disputed term "a connector body attached to a post," which the court is charged with construing. *See Helmsderfer*, 527 F.3d at 1383 ("It is often the case that different claims are directed to and cover different disclosed embodiments."). As noted by Judge Peebles, with the exception of Figure 10, the connector body and the post are elsewhere described as independent components throughout the entire patent specification. (Dkt. No. 63 at 18-20.)

Furthermore, the court finds persuasive the Federal Circuit precedent holding that, where a claim required components to be "affixed," "joined," "connected," or "conjoin[ed]", this "claim language fully support[ed] a requirement of separateness." *Regents of Univ. of Minn. v. AGA Med. Corp.*, 717 F.3d 929, 935, 938 (Fed. Cir. 2013). As noted in the R&R, a clarification that the connector body and post are not part of a single unitary piece is consistent with the ordinary meaning of the term, as the added limitation that these components be "attached" would be superfluous and unnecessary if the body and post constituted a single component. (Dkt. No. 63 at 15); *see In re Cuozzo Speed Techs., LLC*, No. 2014-1301, 2015

7

WL 448667, at *8 (Fed. Cir. Feb. 4, 2015) ("The word 'attached' must be given some meaning[, as] it would be illogical to regard one unit as being 'attached' to itself." (internal quotation marks and citation omitted).) Accordingly, the court adopts the recommended construction of this term.

B. **Radial End Face Surface Extending From the Inner Surface; Radial End Face Surface Extending From the Inner Surface Portion**

With respect to the terms "radial end face surface extending from the inner surface" and "radial end face surface extending from the inner surface portion," Judge Peebles recommended that they be construed as "a radial surface that faces an end of the connector." (Dkt. No. 63 at 20-25, 37.) In its objections, Times Fiber makes two arguments: first, it contends that the prosecution history of this patent dictates that the radial end face surface is a mating edge inside of the nut; second, it asserts that the R&R's proposed construction is overly broad, as it arguably includes a continuity member that is located outside of the nut. (Dkt. No. 66 at 10-16.) These objections consist of arguments Times Fiber already presented to Judge Peebles in its claim construction briefs. (*Compare id.*, *with* Dkt. No. 37 at 19-23 *and* Dkt. No. 48 at 16-20.) Despite its claim that the entire R&R is reviewed de novo, (Dkt. No. 66 at 8), the court need only conduct a clear

8

error review with respect to arguments that have already been submitted to the magistrate judge. *See Almonte*, 2006 WL 149049, at *4. Having reviewed this recommendation for clear error, and finding none, the court adopts Judge Peebles' proposed construction.

**C.     Axial Direction**

As to the term "axial direction," Judge Peebles recommended that it be given the construction: "in the general direction of the main axis of the connector." (Dkt. No. 63 at 34-36, 37.) In its objections, Times Fiber argues that the recommended construction adds ambiguity to this term by arbitrarily adding the modifier "general" to describe the direction in which the continuity element establishes and maintains an electrical connection between the coupling element and the connector body. (Dkt. No. 66 at 16-18.) Times Fiber does not provide much by way of substantive argument, and again touches on arguments it already raised in its claim construction briefs, arguing that the "axial direction" is limited to that which is parallel to the main axis of the connector. (*Compare id.*, *with* Dkt. No. 37 at 25-26 *and* Dkt. No. 48 at 23-25.) However, as discussed by Judge Peebles, Times Fiber's proposed construction, which would require the "axial direction" to be "parallel to the main axis of the connector," would interject

9

an additional limitation onto this term, and there is no evidence in the patent, its specification, or extrinsic evidence that the inventors intended to limit it as such. (Dkt. No. 63 at 34-36); *see Home Diagnostics, Inc. v. LifeScan, Inc.*, 381 F.3d 1352, 1358 (Fed. Cir. 2004) ("Absent a clear disavowal in the specification or the prosecution history, the patentee is entitled to the full scope of its claim language."). In fact, as highlighted in the R&R, certain embodiments of the '229 patent demonstrate passageways through which the continuity member maintains the electrical connection that are not, in fact, parallel to the main axis of the connector, and "instead follow[] a tapered path." (Dkt. No. 63 at 35-36.) Accordingly, the court adopts the recommended construction of this term as "in the general direction of the main axis of the connector." (*Id.* at 36, 37.)

D. **Remaining Constructions**

No objections having been filed to the remaining recommended constructions, the court has carefully reviewed them for clear error and found none. *See Almonte*, 2006 WL 149049, at *4-5. Accordingly, the remainder of Judge Peebles' recommended constructions are adopted.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' January 30, 2015 Report and Recommendation (Dkt. No. 63) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the following meanings shall be affixed to the patent claim terms in dispute:

| Term | Construction |
|---|---|
| continuity element/continuity member | "a conductive component that provides continuity of grounding" |
| proximate | "near" |
| electrical continuity | "a consistent electrical ground path" |
| a connector body attached to a post | "a post and connector body, which are separate components, of the connector (*i.e.* they are not a single integral component), that are interlocked with one another to prevent axial movement of one relative to the other" |
| radial end face surface extending from the inner surface/radial end face surface extending from the inner surface portion | "a radial surface that faces an end of the connector" |
| inner surface/inner surface portion | "a surface located inside the coupling element" |
| outer surface | No construction necessary |

11

| | |
|---|---|
| outer annular surface/annular outer surface | "an outer surface that forms a ring" |
| axial direction | "in the general direction of the main axis of the connector" |

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 24, 2015
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court